UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL J. NOBLE, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 4:13CV1248 CDP |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This action is on appeal from an adverse ruling of the Social Security Administration. Pending before me now is the defendant's motion to reverse and remand.

Defendant answered plaintiff Michael Noble's complaint on September 9, 2013. Noble submitted his brief on December 30, 2013. After two motions for extension of time to respond to the brief, defendant moved for remand of this matter for further consideration of Noble's claims. Defendant stated that, after reviewing the record, agency counsel asked the SSA Appeals Council to accept remand voluntarily, and the Council agreed that remand is appropriate.

In her motion, defendant stated that remand is necessary because the record does not support some of the findings by the ALJ. At the fourth step of the

sequential evaluation, the ALJ found that Plaintiff could return to his past relevant work as a security guard.  But the ALJ had previously found that Plaintiff did not perform the security-guard job at the "substantial gainful activity" level, a requirement for treating this job as past relevant work.  Additionally, defendant stated, there is insufficient evidence in the record to support the ALJ's finding that Noble had transferable skills.

Upon remand by this court, the Appeals Council will remand the case to the ALJ for further development of the record and a new hearing.  In a new decision, the ALJ will further consider Plaintiff's past relevant work and will, if necessary, consult a vocational expert to determine whether Plaintiff has transferable skills.

Citing *Shalala v. Schaefer*, 509 U.S. 292 (1993), defendant requests that I enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, reversing the decision of the ALJ and remanding this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  *See also Brown v. Barnhart*, 282 F.3d 580 (8th Cir. 2002) (under plain language of sentence four of 42 U.S.C. § 405(g), district court must "reverse" the Commissioner's decision).

The deadline for plaintiff Noble to respond to defendant's motion has passed without comment from Noble.  Having considered defendant's motion, I find it to be well-taken.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to reverse and remand with suggestions in support [#20] is granted.

**IT IS FURTHER ORDERED** that the Commissioner's decision be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further consideration of the plaintiff's claims.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2014.